UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEWEL M.,[1]

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

**DECISION AND ORDER**

1:20-CV-1287-EAW

## INTRODUCTION

Plaintiff Jewel M. ("Plaintiff") seeks attorneys' fees in the amount of $7,905.00 pursuant to 42 U.S.C. § 406(b). (Dkt. 19). The Commissioner of Social Security ("the Commissioner") does not object to the requested amount and defers to the Court to determine the reasonableness of Plaintiff's fee request. (Dkt. 20). For the reasons that follow, the Court grants Plaintiff's motion.

## BACKGROUND

On September 13, 2020, Plaintiff filed this action, seeking review of the Commissioner's final decision denying his application for Disability Insurance Benefits. (Dkt. 1). Plaintiff moved for judgment on the pleadings on May 10, 2021. (Dkt. 11). On August 5, 2021, the Court approved the parties' stipulation for remand, reversing the Commissioner's final decision, and remanding the matter for further proceedings. (Dkt. 16).

---

[1] Plaintiff Dennis M. died on January 2, 2021 during pendency of this action. (Dkt. 14-1). On August 3, 2021, a motion to substitute party was filed on his behalf, in which

- 1 -

By Stipulated Order filed on October 27, 2021, the Court approved payment of $5,650.00 to Plaintiff's counsel for services performed in connection with this action, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). (Dkt. 18).

On May 21, 2022, the Commissioner issued a Notice of Award in connection with Plaintiff's claim, which stated that the Commissioner withheld $7,905.00, or 25 percent of Plaintiff's past-due benefits to be paid to Plaintiff's representative for legal services rendered. (Dkt. 19-4 at 1).

On June 7, 2022, Plaintiff timely moved pursuant to 42 U.S.C. § 406(b) seeking $7,905.00 in attorney's fees. (Dkt. 21). In her motion, Plaintiff's counsel indicates that she was awarded the sum of $5,650.00 under the EAJA, which she will refund to Plaintiff once the instant fee application is resolved. (Dkt. 19-1 at 3-4). The Commissioner filed a response on June 14, 2022. (Dkt. 20).

## DISCUSSION

Section 406(b) provides, in relevant parts, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

---

Plaintiff's wife, Jewel M., asked to be substituted for Plaintiff. (Dkt. 14). Two days later, without waiting for the Court's ruling on the motion, the parties submitted a proposed stipulation for remand listing Dennis M. as Plaintiff in the caption of the document. (Dkt. 16). It appears that Jewel M. was substituted for Plaintiff at the administrative level on remand. (Dkt. 12-3 at 3; Dkt. 19-4). In light of the facts discussed in Plaintiff's Motion to Substitute (Dkt. 14), the Court is satisfied that Jewel M. is a proper representative of Plaintiff's estate, and, as such, a proper party for substitution.

42 U.S.C. § 406(b)(1)(A).  In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed 25 percent of the total past-due benefits.  Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id*. (citing § 406(b)).  "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

Accordingly, a fee is not automatically recoverable simply because it is equal to or less than 25 percent of the client's total past-due benefits.  "To the contrary, because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Gisbrecht*, 535 U.S. at 807 n.17.  As such, the Commissioner's failure to oppose the motion is not dispositive.  *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017).   Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap[;]" (2) "whether there has been fraud or overreaching in making the agreement[;]" and (3) "whether the requested amount is so large as to be a windfall to the attorney."  *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).  Also relevant are the following:  (1) "the character of the representation and the results the representative achieved[;]" (2) "the amount of time counsel spent on the case[;]" (3) whether "the attorney

- 3 -

is responsible for delay[;]" and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

When determining whether a requested fee constitutes a windfall, courts are required to consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient[,]" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level[,]" (3) "the satisfaction of the disabled claimant[,]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022).

Here, Plaintiff's counsel seeks $7,905.00 represented to be 25 percent of the past-due benefits. Utilizing the factors set forth above, the Court finds that there is no evidence of fraud or overreaching in the making of the contingency agreement between counsel and Plaintiff. Counsel provided effective representation resulting in Plaintiff successfully receiving the benefits sought. There is no reason to believe that Plaintiff is dissatisfied with the outcome of such representation. The Court is also "mindful that 'payment for an attorney in a social security case is inevitability uncertain.'" *Buckley v. Berryhill*, 15-CV-0341-A, 2018 WL 3368434, at *2 (W.D.N.Y. July 10, 2018) (quoting *Wells*, 907 F.2d at 371). Here, the success of Plaintiff's claim was uncertain as demonstrated by multiple denials of his application at the agency level. Accordingly, the hours expended by counsel were reasonable in light of the issues presented and the extent of counsel's representation.

The requested fee would result in a *de facto* hourly rate of $289.56 ($7,905.00 divided by 27.3 hours). (Dkt. 19-6). Courts in this Circuit have allowed rates in excess of

the rate counsel seeks in this matter. *See, e.g.*, *Jennifer W. v. Saul*, 18-CV-493F, 2021 WL 1624288, at *3 (W.D.N.Y. Apr. 27, 2021) (approving an effective hourly rate of $812.75 where plaintiff prevailed on motion for judgment on the pleadings); *Douglas M. v. Saul*, 17-CV-1187F, 2021 WL 1298491, at *3 (W.D.N.Y. Apr. 6, 2021) (approving an effective hourly rate of $841.87 where plaintiff prevailed on motion for judgment on the pleadings); *Lucia M. v. Saul*, 15-CV-270F, 2021 WL 1298489, at *4 (W.D.N.Y. Apr. 6, 2021) (approving an effective hourly rate of $906.76). Having considered the required factors, the Court finds that counsel's effective hourly rate of $289.56 is in line with awards generally approved in this district for similar work performed. *See, e.g.*, *Fields,* 24 F.4th at 851, 856 (2d Cir. 2022) (an effective hourly rate of $1,556.98 was not a "windfall"); *Amy Sue H. v. Comm'r of Soc. Sec.*, 1:17-cv-00713-JJM, 2021 WL 4519798, at *3 (W.D.N.Y. Oct. 4, 2021) (collecting cases finding effective hourly rates between $697.20 and $1,000 to be reasonable in this district).

The Court also notes that counsel is required to return the previously awarded EAJA fee of $5,650.00 to Plaintiff. (Dkt. 18). *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . .").

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for attorneys' fees under § 406(b) (Dkt. 19) is granted, and the Court hereby orders as follows: (1) Plaintiff's counsel shall be paid attorneys' fees in the amount of $7,905.00 out of funds withheld from Plaintiff's past-due

benefits; and (2) Plaintiff's counsel is hereby directed to remit the previously awarded EAJA fee of $5,650.00 to Plaintiff.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:   October 24, 2022
         Rochester, New York